IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WNEK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-CV-3065 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                 June     28, 2006

Plaintiff James Wnek ("Plaintiff") brings this action for violations of 42 U.S.C. § 1983 ("§ 1983") (Count One) and for negligence (Count Two) against Defendants City of Philadelphia, Police Officer Alberto Sanchez ("Officer Sanchez" or "Sanchez"), and Temple University Hospital Episcopal Division ("Temple University Hospital" or "Temple"). Temple has filed a Motion to Dismiss both counts of the Complaint. For the reasons that follow the Motion will be granted in part and denied in part.

**I. BACKGROUND**

Accepting as true the allegations of the Complaint, as we must at this stage of the proceedings, the pertinent facts are as follows: On June 28, 2003, Plaintiff was arrested with two other males and charged with harassment and disorderly conduct. Complaint ¶7. While Plaintiff was protesting his arrest, Officer Sanchez repeatedly struck him in the head, causing injury. Id. at ¶9. The police transported Plaintiff to Temple University Hospital for treatment. When Officer Sanchez entered the room where Plaintiff was awaiting treatment, Plaintiff began to protest Sanchez's conduct. Id. at ¶11. In the presence of nurses, Sanchez then cursed Plaintiff and threatened to kill him. One of the nurses then told Sanchez to "shut the door," and Sanchez

1

again attacked Plaintiff, causing him further injury.  Id. at ¶12.  Police officers transported Plaintiff to a police precinct without allowing him to obtain further medical treatment.  Id. at ¶16.

## II. LEGAL STANDARD

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations of the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III. ANALYSIS

### A. The § 1983 Claim

Plaintiff alleges that Temple University Hospital, by acting in concert and conspiracy with the other Defendants, has deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.[1]  In support of this contention, Plaintiff alleges that Temple's nurses were present when Officer Sanchez entered his hospital room and threatened him.  Instead of protecting him,

---

[1]   42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Plaintiff argues, one of the nurses told Sanchez to "shut the door," enabling Sanchez to attack him again.

A plaintiff seeking relief under § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States and that the defendant was acting under color of state law. Harvey v. Plains Tp. Police Dept., 421 F.3d 185, 189 (3d Cir. 2005) (citations omitted). If suit is brought against a private party, § 1983 liability turns on two questions: first, whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority, and second, whether the defendant may be appropriately characterized as a "state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 939 (1982).

An exception has been fashioned in instances in which a private actor whose conduct would not otherwise qualify as state action may nonetheless be held liable by becoming "jointly engaged with state officials in the prohibited action." Adickes v. S.H. Kress & Co., 398 U.S. 144, 151 (1970); Carver v. Plyer, 2004 WL 2295893, at *4 (3d Cir. Oct. 12, 2004). Under this exception, the plaintiff must allege facts that, if true, would demonstrate that a defendant acted in "willful concert" or conspired with officials acting under the color of state of law. U. S. v. Price, 383 U.S. 787, 795 (1966); Harvey, 421 F.3d at 195; Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (a plaintiff may recover under § 1983 if he can show that a private actor reached an understanding with a state actor to deny plaintiff his rights).

Plaintiff concedes that Temple University Hospital is a private institution, but alleges that the conduct of the hospital nurses falls under the above exception (Plaintiff's Memorandum of Law in Support of Plaintiff's Answer to Temple University Hospital's Motion to Dismiss, p. 2)

3

(hereinafter, "Memo in Opposition").  Plaintiff alleges that while he was in a hospital room awaiting treatment for his injuries, Officer Sanchez entered the room and threatened him, at which time one of the nurses told Sanchez to "shut the door," enabling Sanchez to attack him again.  Even if true, this allegation fails to support a claim that hospital employees reached an understanding with the other Defendants to deny Plaintiff his rights or that they acted in "willful concert" with Officer Sanchez to assault him.[2]  Accordingly, the conduct of which Plaintiff complains does not fall under the rubric of state action.

Furthermore, Temple correctly asserts that liability arising from § 1983 violations cannot be imposed under the doctrine of *respondeat superior* (Motion to Dismiss, p. 3).  See Monell v. Dept. of Social Serv. Of City of N.Y., 436 U.S. 658, 691 (1978).  Plaintiff argues that his claim may fall under the narrowly-drawn exception that liability may arise if a plaintiff establishes that the employee's acts reflected the employer's policy or custom (Memo in Opposition, p. 3).  An entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to "deliberate indifference" to the plaintiff's individual rights.  Boatner v. Hinds, 2005 WL 1526322, at *2 (3d Cir. 2005).  In order to state a claim under this exception,

---

[2]     Fed R. Civ. P. 8(a)(2) provides that a "short and plain" statement of a claim for relief is required.  Although the notice pleading standard is quite liberal, it nonetheless requires factual allegations sufficient to provide defendants with enough information about the nature of the claim to allow them to assert a defense.  See Conley v. Gibson, 355 U.S. 41, 45-45 (1957); See also City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998) ("we need not accept as true unsupported conclusions and unwarranted inferences") (internal citations omitted); 5 Wright & Miller § 1215 at 194 ("Rule 8(a)(2) does require that the pleader disclose adequate information concerning the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it.")

42 U.S.C. § 1983 imposes a requirement of factual specificity.  See Carroll v. Bristol Tp., 827 F. Supp. 332, 335 (E.D. Pa. 1993).  Neither the Complaint nor Plaintiff's opposition to Temple's Motion to Dismiss allege that Temple had a policy or custom condoning or facilitating police brutality.  Instead, Plaintiff merely offers conjecture, stating that "it is not totally beyond doubt that Plaintiff cannot prove the existence of a policy, practice or custom, condoning or implicitly condoning police brutality at Temple Hospital." (Memo in Opposition, p. 3).  Such hypothetical allegations do not meet the pleading requirements under 42 U.S.C. § 1983.   Since Plaintiff has failed to allege that the hospital employees were acting pursuant to an official policy or custom adopted by Temple, Plaintiff's claim fails as a matter of law.  Accordingly, Plaintiff's § 1983 claim against Temple is dismissed.

      **B.**      **The Negligence Claim**

In addition to his § 1983 claim, Plaintiff brings a state law negligence claim against Temple, and requests that the Court assert supplemental jurisdiction pursuant to 28 U.S.C. 1367(a).  Temple urges the Court to decline supplemental jurisdiction, arguing that if the § 1983 claim is dismissed, no basis would remain for the assertion of supplemental jurisdiction over Plaintiff's state law claim (Motion to Dismiss, pp. 4-5).

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  See E.E.O.C. v. Creative Playthings, Ltd., 375 F.Supp.2d 427, 432 (E.D. Pa. 2005).  While the Court agrees that Plaintiff's § 1983 claim against Temple should be dismissed, Plaintiff also has asserted § 1983 claims against the City of Philadelphia and Officer Sanchez.  Since these claims have yet to be adjudicated, dismissal of

Plaintiff's state law negligence claim would be premature.[3]

In order to state a claim for negligence under Pennsylvania law, Plaintiff must plead the following four elements: 1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; 2) failure to conform to the standard required; 3) a causal connection between the conduct and the resulting injury; and 4) actual loss or damage.  In re TMI, 67 F.3d 1103, 1117 (3d Cir. 1995); Ney v. Axelrod, 723 A.2d 719, 721 (Pa. Super. 1999).

The facts offered in support of Plaintiff's negligence claim are identical to the facts alleged in support of his § 1983 claim.  Plaintiff alleges that through the negligent acts and omissions of its employees, Temple breached its duty to protect him and further acted negligently by not providing him medical treatment.  Plaintiff further alleges that Temple had a duty to protect him from injury while under its care and that the injury was foreseeable because it was preceded by audible verbal threats of violence.  These allegations, if proven, may entitle Plaintiff to relief.  Accordingly, Temple's Motion to Dismiss Plaintiff's negligence claim is denied.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's § 1983 claim against Temple is dismissed with prejudice.  The Motion to Dismiss the negligence claim is denied.  An appropriate Order follows.

---

[3] Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when "values of judicial economy, convenience, fairness, and comity counsel that the district court remand state claims to a state forum." See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (internal citations omitted).  In this case, given that both federal and state causes of action arising from the same incident remain to be litigated, considerations of judicial economy and fairness militate in favor of adjudicating these claims in a single forum.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES WNEK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 05-CV-3065 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |

**ORDER**

**AND NOW**, this 28th day of June 2006, upon consideration of Defendant Temple University Hospital's Motion to Dismiss the Complaint (docket no. 7) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part. It is **FURTHER ORDERED** that Count One is **DISMISSED with prejudice** as to Defendant Temple University Hospital.

BY THE COURT:


/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.